OPINION
{¶ 1} Timothy and Tammy Turner appeal from the overruling of their motion to vacate a summary judgment in favor of All American Homes of Indiana, LLC. (Homes)
 {¶ 2} The Turners advance a single assignment of error:
 {¶ 3} "The trial court erred in overruling the Plaintiff/Appellant's motion to vacate summary judgment because the court applied Clark County Loc. R. 10(A) in its decision to grant summary judgment. The local rule specifically excepts summary judgment motions, thereby leaving Civ. R. 56, which requires notice be given to the non-moving party, as the only applicable rule."
 {¶ 4} We do not reach the merits of this assignment because the order appealed from is not a final appealable order.
 {¶ 5} The Turners sued three entities: Homes, C.G.R., Inc., and Foundations Plus, Ltd. (Foundations)
 {¶ 6} The complaint as to Foundations was dismissed with prejudice February 22, 2005.
 {¶ 7} Summary judgment dismissing the complaint as to Homes was entered March 31, 2005, and the Turners' motion to vacate that judgment was overruled May 12, 2005. The Turners' notice of appeal from these latter two orders was filed May 31, 2005.
 {¶ 8} On April 31, 2005, C.G.R., Inc. filed a motion for summary judgment to which the Turners responded by memorandum in opposition May 13, 2005. As of March 15, 2006, (when we inquired of the clerk of the Clark County Common Pleas Court) C.G.R.'s motion for summary judgment was still pending.
 {¶ 9} The trial court did not expressly determine that there was no just reason for delay in its entry granting summary judgment of dismissal to Homes. See Civ.R. 54(B). Hence, its entry of summary judgment was not a final judgment because C.G.R. remains a defendant in the case.
 {¶ 10} Although we do not reach the merits of the Turners' appeal, we would be remiss if we failed to note that the summary judgment in favor of Homes is currently an interlocutory order which is subject to revision. Civ.R. 54(B).
 {¶ 11} In Ashworth v. Village of Enon (Oct. 18, 1995), Clark App. No. 95 CA 43, we held that because Clark County Loc.R. 10(A) excepted motions for summary judgment from the operation of that rule, "the trial court must . . . give the non-moving party actual or constructive notice of the date on or after the motion will be deemed submitted for decision."
 {¶ 12} The trial court is presently in a position to comply with Ashworth by vacating the summary judgment in favor of Homes and providing the Turners with notice of the date on or after Homes' motion for summary judgment will be deemed submitted for decision. The notice must allow the Turners at least fourteen days before the submission date to respond. Civ.R. 56(C).
 {¶ 13} Absent a final order from which the Turners can appeal, we are without jurisdiction to entertain their appeal, which will be dismissed.
Brogan, J., and Glasser, J., concur.
(Hon. George Glasser, Retired from the Sixth Appellate District, Sitting by assignment of the Chief Justice of the Supreme Court of Ohio).